UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DIEGO GARCIA, Individually and on Behalf of Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> LA CHEMICAL, LLC, B&M OILFIELD, LLC, AND STEVEN CLOY GANTT <br><br> Defendants. | Civil Action No. 5:15-CV-257-XR <br><br><br><br><br><br><br> FLSA Collective Action |

PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION
AND NOTICE WITH MEMO IN SUPPORT[1]

**1.   SUMMARY.**

The Fair Labor Standards Act ("FLSA") permits any employee to bring an action to recover wages owed to "himself … and other employees similarly situated." 29 U.S.C. § 216(b).  With this Motion, Plaintiff Diego Garcia ("Garcia" or "Plaintiff") seeks conditional certification of a collective action consisting of:

> "All Torque Turn Operators and Helpers/Trainees employed by LA Chemical, LLC, B&M Oilfield, LLC and/or Steven Cloy Gantt in the past three (3) years who were paid a base salary and a day-rate with no overtime compensation."

Conditional certification is appropriate here because the employees that Garcia seeks to represent performed similar job duties and were all subject to the same company-wide pay and exemption policies (regardless of any allegedly individualized factors) and are thus similarly situated. Because, as will be shown in greater detail below, Garcia has met the lenient standard for conditional

---

[1]   This Motion is supported by Plaintiff's First Amended Complaint (Doc. 35) and the exhibits attached thereto (Doc. 35-1 thru 35-5), Defendant LA Chemical's First Amended Answer (Doc. 22), the Declaration of Diego Garcia (Ex. 1), Order Granting Conditional Certification in *Davida v. Newpark Drilling Fluids, LLC*, SA-14-CA-552-HJB, ECF No. 47 (W.D. Tex. 2015) (Ex. 2), and Proposed Notice and Consent (Ex. 3).

certification, he respectfully requests that this Court conditionally certify this case as a collective action and authorize notice to the class of Torque Turn Operators and Helpers/Trainees who are owed overtime wages. Notice at this stage is critical so that these workers can make an informed decision about whether to join this suit and stop the statute of limitations from running on their claims for unpaid overtime compensation.[2]

## 2.   THE FACTS.

LA Chemical, LLC ("LA Chemical") touts itself as the leading oilfield chemical supplier in north Louisiana and maintains a customer base throughout the United States in the Bakken, Barnett, Brown, Dense, Eagle Ford, Fayetteville, Haynesville, Marcellus, Permian Basin, Terryville and Tuscaloosa Shale.[3] B&M Oilfield, LLC ("B&M Oilfield") provides various oilfield services to the oil and gas industry throughout the State of Texas and Louisiana. *See* First Amended Complaint at ¶¶ 5.2; *see also* Garcia Dec., at 3. And finally, Steven Cloy Gantt ("Gantt") is the owner and operator of several oilfield service companies in the State of Texas and Louisiana, including GES Gladiator Energy Services Texas, LLC; LA Chemical, LLC and B&M Oilfield, LLC. *Id.* at ¶ 5.3; *see also* Garcia Dec., at 4.

In order to conduct their oilfield service operations, Defendants employ a number of Torque Turn Operators and Helpers/Trainees like Plaintiff Garcia (and others). *See* First Amended

---

[2]   Unlike Rule 23 class actions in which the statute of limitations is tolled for all potential class members with the filing of the complaint, the statute of limitations under the FLSA is not tolled with the commencement of the action or even with an order granting conditional certification. *Fisher v. Michigan Bell Telephone Co.*, C.A. 2:09-cv-10802, 2009 WL 3427048, at *8 (E.D. Mich. Oct. 22, 2009). Rather, the statute of limitations continues to run on each individual's claim until they file their written consent to join the action with the court. *Id.*; *see also* 29 U.S.C. § 216(b) ("No employee shall be a party Plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). Although the notice process does not stop the statute of limitations, it does, at a minimum, notify the potential class members of the case, and that the statute of limitations is running on their claims. *Fisher*, 2009 WL 3427048, at *8 (citing *Hoffmann-La Roche*, 493 U.S. at 170).

[3]   http://www.lachemical.net/pages/about.html.

Complaint at ¶ 5.4; *see also* Garcia Dec., at ¶ 5. Garcia previously worked for Defendants as a Torque Turn Operator and Helper/Trainee from approximately June 2013 until November 2013 and again from February 2014 until January 2015. *See* First Amended Complaint at ¶ 5.7; *see also* Garcia Dec., at ¶ 1. Many of Defendants' Torque Turn Operators and Helpers/Trainees work (or worked) together to provide a variety of oilfield services on behalf of LA Chemical, B&M Oilfield and Steven Cloy Gantt. *See* Garcia Dec., at ¶¶ 5-9.

Lastly, Garcia contends that Defendants' pay scheme denied Torque Turn Operators and Helpers/Trainees the overtime pay required by the FLSA by paying them a salary and a day-rate (or field bonus) with no overtime compensation during the operative time period. *See* First Amended Complaint at ¶¶ 5.7 and 5.8; see also Garcia Dec., at ¶¶ 12-15. For these and the following reasons, conditional certification is appropriate.

3.   **CONDITIONAL CERTIFICATION IS APPROPRIATE BECAUSE THE CLASS IS "SIMILARLY SITUATED."**

   A.   **The Standard for Conditional Certification is Lenient.**

The FLSA's "collective action" provision allows one or more employees to bring an action for overtime compensation on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). District courts have broad discretion to allow a party asserting FLSA claims on behalf of others to notify potential Plaintiffs that they may choose to "opt-in" to the suit. *See Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165, 169 (1989).  Court-authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Id.* at 170-172.

The method adopted by this Court for determining whether to certify a collective action under § 216(b)—the *Lusardi* two-tiered approach—involves a preliminary decision regarding notice to putative class members. *Davida v. Anderson Perforating, Ltd.*, 2013 WL 3356046, *1 (W.D. Tex. July 3, 2013). In the first stage, called the notice stage, the district court makes an initial determination whether notice of the action should be sent to potential class members. *Id.* This determination is based solely on the pleadings and affidavits, and the standard is a ***lenient*** one typically resulting in conditional certification of a representative class to whom notice is sent and who receive an opportunity to "opt in." *Id.* (emphasis added).

In applying the lenient standard, the Court inquires as to whether Plaintiff has provided sufficient evidence that the class member representatives are "similarly situated in terms of job requirements and similarly situated in terms of payment provisions" or whether the Plaintiff substantially alleged that the potential class members were "together the victims or a single decision, policy, or plan." *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1214, n. 8 (5th Cir. 1995); *Davida v. Newpark Drilling Fluids, LLC*, SA-14-CA-552-HJB, ECF No. 47 (W.D. Tex. 2015), attached herein as Ex. 2; *Mateos v. Select Energy Servs., LLC*, 977 F. Supp. 2d 640, 643 (W.D. Tex. 2013); *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009) (same).

Importantly, plaintiffs need only show that they are similarly situated, not that they are identically situated. *See* Ex. 2 at p. 6. As one District Court in the Fifth Circuit recently noted:

> [T]he court need not find uniformity in each and every aspect of employment to determine [that] a class of employees is similarly situated. The remedial nature of the FLSA and § 216 militate strongly in favor of allowing cases to proceed collectively.

*Tolentino v. C&J Spec-Rent Services, Inc.*, C.A. 2:09-cv-00326, 2010 WL 2196261, at *4 (S.D. Tex. May 26, 2010) (Jack, J.) (*citing Albanil v. Coast 2 Coast, Inc.*, C.A. 4:08-cv-00486, 2008 WL 4937565, at *3 (S.D. Tex. Nov. 17, 2008)).

Further, the plaintiffs need only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons exists. *Grayson*, 79 F.3d at 1097. *See, e.g., Ortiz v. Rain King, Inc.*, C.A. 4:02-cv-04012, 2003 WL 23741409 (S.D. Tex. Mar. 10, 2003) (Lake J.) (one declaration and the complaint sufficient)*; Alba v. Madden Bolt Corp.*, C.A. 4:02-cv-01503, 2002 WL 32639827 (S.D. Tex. June 5, 2002) (Hoyt J.) (one declaration sufficient); *Villatoro v. Kim Son Restaurant*, 286 F. Supp. 2d 807, 810-11 (S.D. Tex. 2003) (Atlas J.) (one declaration plus employer documents sufficient).

  **B.** **LA Chemical Implicitly Admits Facts Sufficient to Show that Garcia and the Potential Class Members are "Similarly Situated."**

Evidence indicating that the putative class is similarly situated may also come in the form of an employer admission. *Camp v. Progressive Corp.*, 2002 WL 31496661, *5 (E.D. La. Nov. 8, 2002) (employer's admission that potential class members were similarly situated is sufficient for conditional certification); *Pedigo*, 666 F. Supp. 2d 693, 699 (W.D. Tex. 2009) ("Defendant's admissions are sufficient to support conditional certification."). Indeed, it is well-established that where the "defendants admit that the actions challenged by plaintiffs reflect a company-wide policy, it may be appropriate to find plaintiffs similarly situated based solely on plaintiffs' substantial allegations, without the need for additional evidence." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 661 (S.D.N.Y. 2013) (citing cases).

In this case, while LA Chemical does not admit to the specific words "similarly situated," it implicitly admits to company-wide policies that establish that standard. This is evident by LA Chemical's contentions (and presumably B&M Oilfield and Gantt's as well) that it correctly

classified *__all__* of the potential class members as exempt (and thus failed to pay them all overtime) under the Motor Carrier Act/Administrative/Executive and Professional exemptions, presumably because they all performed the same or similar "exempt" job duties. *See* First Amended Answer at Sec. VIII., ¶ 2; *see also Betancourt v. Maxim Healthcare Servs., Inc.,* 2011 WL 1548964, *6 (N.D. Ill. Apr. 21, 2011) (uniform classification as exempt supported conditional certification).

Under well-established and binding precedent in the Fifth Circuit, these implicit admissions conclusively establish that Plaintiff Garcia is similarly situated to the potential class members. *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476–77 (5th Cir.2001) (judicial admission is conclusive on the issue).

### C. All Torque Turn Operators and Helpers/Trainees Are Similarly Situated With Regard to Payment Provisions.

Beyond LA Chemical's implicit admissions, Plaintiff Garcia has independently established that he and the potential class members are "similarly situated in terms of payment provisions." *Mateos*, 977 F. Supp. 2d at 643. Specifically, Garcia has definitively shown that he and all of the potential class members were paid a salary plus a day-rate with no overtime compensation during the operative time period. *See* Garcia Dec., at ¶¶ 12-15. Indeed, Garcia and the potential class members were all made to work 84 or more hours each week without receiving overtime compensation for the hours they worked in excess of forty (40) each week. *See* First Amended Complaint at ¶ 5.16; *see also* Garcia Dec., at ¶ 12.

### D. All Torque Turn Operators and Helpers/Trainees Are Similarly Situated in Regard to Job Duties.

1.   Garcia has also established that he and the potential class members are "similarly situated in terms of job [duties and] requirements." *Mateos*, 977 F. Supp. 2d at 643. The Torque Turn Operators and Helpers/Trainees all work (or worked) together to to ensure there are no leaks in the

connections between pipes holding together oilfield equipment and then verify that the pipes could hold up to the high-pressure fluids running through them. *See* Garcia Dec., at ¶ 6. Moreover, the daily job duties of Garcia and the potential class members all involved involved setting up test pumps; connecting test pumps to lubricators, frac stacks, and other pressurized equipment; stringing together hoses and pipes; opening and shutting valves; torqueing bolts and fittings; swinging sledgehammers; turning hammer and pipe wrenches; and operating hydraulic equipment. *Id.* at ¶ 7. Garcia and the potential class members also worked on and/or with heavy equipment such as man baskets or forklifts at different job sites in addition to helping apply the torque wrenches to assemble frac stacs while other Torque Turn Operators would control the torque wrenches. *Id.* at ¶ 8. Garcia and the potential class members all performed these job duties in accordance with Defendants' policies and procedures. *Id.* at ¶ 11.

Thus, it is clear from the evidence presented by Garcia that the job duties of the potential class members were uniform throughout their employment with Defendants and thus he has met the lenient conditional certification standard. *Id.*

### E.    Merits-Based Issues Are Not Relevant to a Decision on Conditional Certification.

A disagreement about the merits of Garcia's claim(s) are not grounds for denying conditional certification. It is well-established that "courts are not to engage in merits-based analysis at the notice stage of a collective action." *Lay v. Gold's Gym, Int'l, Inc.*, Cvs. Nos. SA-12-CV-754-DAE, SA-12-CV-930-DAE, 2013 WL 5595956, at *5 (W.D. Tex. Oct. 4, 2013); *see also* Ex. 2 at p. 7 ("A determination into the exemption status of each putative class member would go to the merits of the case"); *Jones v. JGC Dallas LLC*, 2012 WL 6928101 (N.D. Tex. Nov. 29, 2012) adopted, 2013 WL 271665 (N.D. Tex. Jan. 23, 2013); *see also, Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861

(S.D. Tex. 2012) ("courts do not review the underlying merits of the action in determining whether to conditionally certify"); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012) (same).

The important point, rather, is that all of the merits-based issues raised by LA Chemical's First Amended Answer can be resolved on a class-wide basis. For example, LA Chemical contends that Garcia and the potential class members were **_all_** exempt from the overtime provisions of the FLSA. *See* First Amended Answer at Sec. VIII, ¶ 2. By pleading this defense as to all potential class members, LA Chemical essentially admits that this issue can be determined as an issue common to the class. Because it is essentially undisputed that Garcia and the potential class members are similarly situated for the purposes of conditional certification, Garcia's motion should be granted.

### 4. THE IMPORTANCE OF NOTICE TO THE CLASS.

#### A. The Purpose of Providing Notice to the Class.

As previously touched upon, a collective action allows plaintiffs the advantage of lower individual costs and benefits the judicial system by efficient resolution of common issues of law and fact arising from the same alleged activity in a single proceeding. *Sperling*, 493 U.S. at 170. However, these benefits "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Id*. When a collective action is filed, courts have the managerial responsibility to ensure that the joinder of additional plaintiffs is accomplished in an efficient and proper manner. *Id*. at 170-71. Timely, accurate notice is also important because the action is not considered commenced for purposes of the statute of limitations until the date on which an employee's written consent is filed with the court. *See McLaughlin v. Boston Harbor Cruises, Inc.*, 2006 WL 1998629, *1-2 (D.Mass. Jul. 17, 2006).

#### B. Notice to the Potential Class is Appropriate in this Case.

Garcia has clearly exceeded the standard for obtaining collective certification of this case. To facilitate the Notice process and preserve the rights of those who have not yet opted in, Garcia has attached a proposed Notice and proposed Consent form to be approved by the Court. *See* Ex. 3. These forms are based on various Notice and Consent forms previously approved by District Courts, though they have been modified for this particular case. Anderson seeks to notify a group of potential plaintiffs described as follows:

> **"All Torque Turn Operators and Helpers/Trainees employed by LA Chemical, LLC, B&M Oilfield, LLC and/or Steven Cloy Gantt in the past three (3) years who were paid a base salary and a day-rate with no overtime compensation."**

Additionally, Garcia seeks an Order from this Court adopting the following schedule:

| DEADLINE | SUBJECT |
|---|---|
| **10 Days From Order Approving Notice to Potential Class Members** | LA Chemical, B&M Oilfield and Gantt to provide to Garcia's counsel in an Excel Spreadsheet the following information regarding all Torque Turn Operators and Helpers/ Trainees employed by LA Chemical, B&M Oilfield and Gantt in the last three (3) years: Last Name, First Name, Last Known Address, City, State, Zip Code, Last Known E-Mail Address, Last Known Telephone Number, Beginning Date of Employment, and |

| DEADLINE | SUBJECT |
|---|---|
| | Ending Date of Employment (if any).[4] |
| **20 Days From Order Approving Notice to Potential Class Members** | Garcia's Counsel shall send a copy of the Court approved Notice and Consent Form to the Potential Class Members by regular First Class U.S. Mail and by e-mail. |
| **60 Days From Date Notice is Mailed to Potential Class Members** | The Potential Class Members shall have 60 days to return their signed Consent forms to Garcia's counsel for filing with the Court. |
| **30 Days from Date Notice is Mailed to Potential Class Members** | Garcia's Counsel is authorized to mail and e-mail a second identical copy of the notice/consent form to the Potential Class Members reminding them of the deadline for the submission of the Consent forms. |

**C.     Defendants Should Be Prohibited from Discouraging Potential Class Members from Joining the Suit During the Opt-In Period.**

---

[4] Courts routinely require this information and allow the issuance of notice through the requested conduits. *See, e.g.,* Ex. 4; *Beall v. Tyler Technologies, Inc.*, No. Civ. A. 2-08-CV-422, 2009 WL 3064689, at *1 (E.D. Tex. Sept. 23, 2009) (court granted class notice via email and later compelled the employer to produce all email addresses, both personal and work); *see also Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. Civ. A. 2:08-CV-00722-RCJ-PAL, 2009 WL 102735, at * 15 (D. Nev. Jan. 12, 2009) (court granted circulation of class notice via both U.S. mail and email). The production of email addresses is especially appropriate herein because the Putative Class Members all work in remote locations that are far away from home for long periods of time, and will eat, sleep, and work at or near the jobsite, making it difficult (or even impossible) to regularly receive mail. Garcia Dec., at ¶ 17.

The FLSA expressly prohibits employers such as LA Chemical, B&M Oilfield and Gantt from dissuading potential class members from exercising their rights. 29 U.S.C. § 215(a)(3). Garcia specifically requests the Court to enter an order stating the following: "Defendants are hereby prohibited from communicating, directly or indirectly, with any current or former employees about any matters which touch or concern the settlement of any outstanding wage claims, or other matters related to this suit, during the opt-in period. Defendants shall so instruct all of its managers. This order shall not restrict Defendants from discussing with any current employee matters that arise in the normal course of business." *Alba*, 2002 WL 32639827, at *1.

**5.   CONCLUSION.**

Garcia has met the lenient standard for conditional certification. The Court should therefore conditionally certify this collective action and authorize notice to the potential class members.

Respectfully submitted,

By:   */s/ Clif Alexander*
**Clif Alexander**
State Bar No. 24064805
**PHIPPS ANDERSON DEACON LLP**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Tel: (361) 452-1279
Fax: (361) 452-1284
calexander@phippsandersondeacon.com

**Michael A. Josephson**
State Bar No. 24014780
**Lindsay R. Itkin**
State Bar No. 24068647
**Andrew W. Dunlap**
State Bar No. 2407844
**Jessica M. Bresler**
State Bar No. 24090008

**FIBICH, LEEBRON, COPELAND,
BRIGGS & JOSEPHSON**
1150 Bissonnet St.
Houston, Texas 77005
Tel: (713) 751-0025
Fax: (713) 751-0030
mjosephson@fibichlaw.com
litkin@fibichlaw.com
adunlap@fibichlaw.com
jbresler@fibichlaw.com

**Richard J. (Rex) Burch**
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713)877-8065
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS MEMBERS**

### CERTIFICATE OF CONFERENCE

I conferred with opposing counsel regarding this motion. They are opposed.

*/s/ Clif Alexander*
_____
Clif Alexander

### CERTIFICATE OF SERVICE

I served this document via the Court's ECF System.

*/s/ Clif Alexander*
_____
Clif Alexander